Good morning, Judge Farris, Judge Reinhart, Judge Toshima. My name is David Porter and I'm with the Federal Defender's Office for the Eastern District of California. I represent the appellant, Nicasio Roman. May it please the court, the issue in this case is, was the deprivation of an interpreter at Mr. Roman's deportation hearing so fundamental, a due process violation, that prejudice should be presumed? I have two points I want to elaborate. The first is, a person facing a deportation proceeding has a due process right to be present at the hearing. And presence doesn't mean mere physical presence. This Court has held that... Do you have a problem with the argument? Did you read the government's response to that? I did. Yes, I did. Why don't you take us from that point? Okay. The, as we pointed out in the government's observation that there have been a long line of cases from this Court that say that due process violations have to be accompanied by a showing of prejudice. But as we pointed out, no case has, there's no case that they've cited that's been like this case, where there has been a complete deprivation of... Worse, hasn't it? I don't believe so. There's been incompetent... And still the question was prejudice. Do you, did you recall that case? Yes, I did. And I... Cited by the government. Yes, and I sent in a reply to that case, Your Honor. I filed it this, last Friday. And as we pointed out, the fact in those cases were very different. If I may have a moment, Your Honor? I'm not telling you where to start, but you, you might find that that's something you want to overcome, because there was somebody in a coma and not, not present. Here, the person was present, but he didn't have an interpreter. Isn't that... Yes, that was the Bahena-Cardenas case, Your Honor. And it was only the, his absence was on the first day of the deportation proceeding. And his, and he was actually present in the rest of the proceeding. And the only thing that took place during that proceeding on the first day was the examination of one agent. The rest of that proceeding, that agent was on the stand. The defendant, or the alien, was present at that proceeding and had the full opportunity to cross-examine the agent who was on the stand the first day. I think that's a very clear difference between our case in which there was a complete deprivation of translation throughout the entire proceeding. Mr. Porter, even before you get there, don't you have a problem with 1326d-1, that your client didn't exhaust his administrative proceedings before the, before the BIA? Well, Your Honor, as we point out in our reply brief, the only thing that the government cites on that issue is an order of the BIA that reads in full, this Board has been advised the Respondent's appeal has been withdrawn. There is nothing in the record to note that that withdrawal of the appeal was intelligent, was considered, was voluntary. And this case of ---- Well, isn't it your burden to show exhaustion? I don't believe so, Your Honor. The government has The government has, this Court has said that the alien's waiver of the right to appeal must be both considered and intelligent. The government bears the burden of providing valid waiver in a collateral attack of the underlying removal proceedings, and that's United States v. Reyes Bonilla. Look, at 1326d-1 says this, right? In a criminal proceeding, an alien may not challenge the deportation order unless the alien demonstrates that he exhausted his remedies, unless the alien demonstrates that. Have you demonstrated that? Well, no, we haven't, Your Honor, but this Court has held in 2012, it was recently in 2012 in Reyes Bonilla, that the government bears the burden of proving the valid waiver. In this case We're not talking about waiver. We're talking about dismissing an appeal. No, but Reyes Bonilla talks about how those two provisions in the statute, 1326d, are excused when the government fails to show that there is a valid waiver. That's in Reyes Bonilla at page 1043. 1043? Yes. All right. I'll look that up. Go ahead with your argument. Okay. Thank you. My second point, I'd like to suggest a little different analogy than I did in my opening brief, and that is that evidentiary errors are subject to trial at trial are subject to harmless error review, but structural errors are not. The complete denial of an interpreter, I suggest, is in the latter category. Like the error in Sullivan v. Louisiana, the defective reasonable doubt instruction, the deprivation of that right with consequences that are necessarily unquantifiable and indeterminate unquestionably qualifies as structural error. I suggest the same analysis applies in this case. You can't really go line by line through the transcript and determine what effect the error had in this case when there's a complete lack of interpreter. The proceedings were swirling around him. He didn't understand. He's the object of the proceedings, and yet he had no opportunity to meaningfully participate in them. What prejudice do you allege occurred as a result? What's the plausible ground for relief he would have? I do not, and there was no argument that there was in the district court, Your Honor. Our sole argument is that the due process error is so fundamental that a showing of prejudice should be excused in this case. What about Barajas-Alvarado? Barajas-Alvarado is distinguishable from this case, Your Honor. In that case, the record was ambiguous as to whether the alien received the required assistance of the interpreter. That is not the case here. We have a complete lack of assistance of any interpreter during the fundamental deportation hearing. Also, that case is distinguishable because it involved the expedited removal procedure under Section 1225B. That was not the case in this proceeding. So we believe that Barajas-Alvarado is clearly distinguishable. Well, it says, even assuming that the equivocal evidence in the record establishes that Barajas-Alvarado suffered a due process violation because his removal proceedings were not translated, we must still assume that Barajas-Alvarado was not a victim of a due process violation. Now, that seems to take care of your first point. Well, I think Judge Akuta was writing with a rather broad pen there, Your Honor. Well, that happens occasionally in our courts. Amazingly enough. But I think that the other distinguishing factor still does apply, Your Honor, because in that case, the expedited removal process under 1225B is very, very truncated. These hearings take place at the border. There are very, very few rights that an alien has in the expedited removal process. And so the advantage of having an interpreter at those types of proceedings I submit might be very truncated, but at this type of proceeding, that is not so. And if I may reserve the rest of my time for rebuttal. Absolutely. Thank you. Good morning, Your Honors. Nirav Desai for the United States. Setting aside the requirements of Sections 1326D1 and D2, the appellant asked this Court to abandon over 20 years of its decisions requiring that a defendant prove prejudice resulting from an alleged due process violation in removal proceedings. If the alien is not present at the proceedings, do you need anything more than that? Well, Your Honor, in Bahena Cardenas, this Court addressed the situation, as Judge Ferris noted, where an alien was absent during the first day of his removal proceedings. Subsequently, the officer who testified at that proceeding was cross-examined. But the argument on appeal in that case was similar to the one that the appellant is making in this case, that the error of being absent on the first day of the removal proceeding was so egregious that the prejudice requirement should be excused. Well, that was rejected because it wasn't so egregious, because he was cross-examined anyway. Your Honor, the Court analyzed whether the error was – what the nature of the error and the resulting prejudice was under a prejudice analysis. It began by reflecting that – by addressing the argument by Bahena Cardenas that by itself not being present at the hearing was so egregious that the requirement for prejudice should be excused. But that's not saying that had he been absent through the whole proceeding. They said only being absent part of the proceeding doesn't invoke the automatic right. But it didn't answer a question. In fact, it suggests that because it wasn't that prejudicial, the absence wasn't that prejudicial, because cross-examination of the witness was available the next day. But do you have a case as to whether if the alien is not present at all in his proceedings, he still has to show prejudice? I do not have that case, Your Honor. However, on at least five occasions, this Court has held in the context of incompetent or absent translations during removal proceedings that an alien still has to show prejudice. A couple of those cases have already been mentioned today, Reyes Bonilla and Barajas Alvarado. Both involved expedited removal proceedings where the alien had a right to have the proceedings translated to him. And this Court still required that despite the fact that there was an incompetent translation and no counsel in those proceedings, the alien still had to show prejudice in order to satisfy the section 13-2016. The second ground for distinguishing that is that those were expedited removal proceedings, and they're sort of not the normal full-scale removal proceedings. What's your view of that argument? Well, Your Honor, those proceedings, the expedited removals, are truncated proceedings, but the alien still has certain rights in those proceedings, including ultimately to the right for some meaningful judicial review. And the alien is advised of rights, including the right to appeal and the right to counsel. And the right to counsel was considered in Reyes Bonilla and Barajas Alvarado. And the Court still found that there was a due process right at issue, and the alien still had to show prejudice. A better analogy, you know, might be, you know, in the right to counsel cases, for instance, if a defendant has no counsel at all, it's considered a structural error and no prejudice need be shown. Whereas if you're claiming an effective assistance of counsel, in other words, you had counsel, but he wasn't too good, then you have to show prejudice. Now, you can analogize to that in this interpret and interpreters presence, to argue that if an interpreter is not there at all, it changes the fundamental character of the proceeding. There's nothing the alien can do. I mean, it's not like the interpreter might have made a mistake here or there, or you can figure out, you know, what the mistake was, but it's just an entirely different proceeding. Now, what's your answer to that argument, that it's a monster structural error? Well, Your Honor, first to note that there aren't any cases where this Court or any other Court that I've been able to determine has held that the lack of a translator was a structural error. Well, there aren't any cases where there was a lack of a translator, are there? Complete lack? Your Honor, I would argue that in Reyes-Vania and in Barras-Alvarado, there was a lack of any translation. I'd point to, however, a couple of other cases from this Court. Ramos at 623 F. 3rd, 672, which was cited and discussed in Reyes-Vania. That was a stipulated removal process with a secondary interview by an immigration officer where the translation was. See, all those are, you know, sort of truncated proceedings, stipulated removal, expedited removal. You know, they're not, you know, a true removal proceeding, right? None of those. Your Honor, you're correct that it is a truncated proceeding. But there are still due process rights at issue. I could point the Court to Ubaldo-Figueroa, 364 F. 3rd, 1042, which is a 2004 decision from this Court, which was an immigration removal proceeding where the translator only translated the swearing-in of the alien, the statement of the alien's name, and the issuance of a final ruling, and didn't translate the right to appeal, the change of a charge and a notice to appear, and that 212C relief was available to the alien. Nevertheless, this Court required that the alien show prejudice in order to collaterally attack that removal proceeding. The same was the case in United States v. Leon, Leon, which was cited in the government's brief, involving an immigration, a full immigration hearing that was conducted over the telephone. There, the interpreter only translated the alien's name, whether the alien understood Spanish, and confirming the identity of the alien's attorney. In that case, numerous rights were not translated to the alien, and the immigration judge only interacted with the alien's counsel. Nevertheless, this Court still required that the alien show prejudice in order to collaterally attack his, the defect in the removal proceeding. And, Your Honors, this Court has further rejected every attempt or every request for a per se prejudice or presumed prejudice standard in this Court. Beginning with United States v. Crotovar in 1992, the panel decision in that case imposed a bright-line rule finding prejudice, and Judge Ferris dissented from that panel decision and was vindicated in the en banc decision, where the Court reexamined Mendoza-Lopez and determined that prejudice was still a requirement. The same was true in Reyes-Bonilla. The Court rejected the request for a per se finding of prejudice. The same was true in Bajena-Cardenas in 2005. And then in Leon-Leon as well, there was a rejection of the request for presumed prejudice. And in Garcia-Martinez, 228 F. 3rd, 956, a 2000 case, this Court rejected a request for a finding of per se prejudice in the case where an alien alleged institutional bias on the part of immigration officers who were conducting removal proceedings. This Court rejected that argument and required a showing of prejudice. And, Your Honors, in this case, the touchstone of the inquiry from Mendoza-Lopez is was the alien effectively deprived of an opportunity for judicial review. And in this case, Your Honor, Your Honors, the alien had counsel in the proceeding and actually appealed the decision. The alien withdrew that appeal later, but this isn't the sort of case where there was a waiver of the right to appeal in the proceeding and then that was the end of the inquiry. And looking at Mendoza-Lopez and the touchstone of the inquiry being the deprivation of an opportunity for the right, the opportunity for review, at least in this case, there was an appeal filed. Your Honors, unless the Court has any further questions, I'd be happy to submit. Thank you, Counsel. As you get started, I wish you would recognize that your client is in America, apparently functioning in America, and wants to remain in America. So the reason, I assume, the requirement of prejudice is fair is because just because he's an alien doesn't mean he didn't understand what was going on at least enough to follow it. Do you understand what I'm saying to you? No. I'm not sure. I think what you want is a rule that you must have a translator every time you have an alien. Well, all aliens don't need translators. That's why you have to show prejudice. And the person who's better able to show prejudice is the person who was prejudiced. Your Honor. Seems to me. Now, you can correct me. I don't have – I mean, I'm not entirely sure your point, but I think that this declaration that was filed by my client in the district court notes that he speaks Spanish. He didn't understand English. It goes through line by line. It was filed on December 1, 2010. No. A person who can't function in a country that he's in wants to go to a country where he can function. And what this case is doing is sending him to a Spanish-speaking country. He lives – he wants to stay in an English-speaking country. And the requirement is prejudice. All he has to show is, I didn't understand. I can't understand. I don't understand. But nothing of that was a part of this record. I think the declaration does speak to that, your Honor. I'd like to adjust Judge Tashima's point about a case about structural error. There is Kansas v. Calderon, which is at 270 Kansas, 241, 2000 case, where the defendant was deprived of an interpreter during closing argument, and the court there did find structural error. I'd just like to leave the court with one court's observation that said, without an interpreter, the adjudication loses its character as a reasoned interaction and becomes an invective against an insensible object. What court is that? That was the Second Circuit in U.S. Ex Rel Negron v. State of New York, 434, Fed Second. Is that an immigration case or just an ordinary criminal trial? That was a criminal case, your Honor. 434, Fed Second, 386. Mr. Roman is not an insensible object. He is a human being, and he deserved better. We ask that this court reverse the conviction. You know, I think you abbreviated your answer to Judge Ferris because you were running out of time. If there's something further you wanted to say in response to Judge Ferris's question, we won't hold you to the count. Thank you. I appreciate that, your Honor. I'd just like to point Judge Ferris to the declaration that was filed by my client in conjunction with the motion to dismiss the indictment on 12-1-2000 or the hearing was 12-1-2010. The declaration is dated 11-11-2010 and signed by my client. I hope that answers your Honor's question. Okay. Thank you. Thank you. The case just argued will be submitted.
judges: Farris, Reinhardt, Tashima